OPINION OF THE COURT
Martin E. Smith, J.
By notice of motion and accompanying affidavits, the above defendant seeks an order vacating the judgement of conviction pursuant to CPL 440.10 on the ground, inter alia, that he was *658 denied his constitutional right to the effective assistance of (trial) counsel.
The defendant was indicted by a Broome County grand jury under indictment No. 98-378 for one count of criminal possession of a controlled substance in the first degree, a class A-l felony, three counts of criminal possession of a controlled substance in the third degree, class B felonies, and one count of criminal possession of a controlled substance in the seventh degree, a class A misdemeanor. One count of criminal possession of a controlled substance in the third degree was dismissed and not submitted to the trial jury. He was acquitted of one count of criminal possession of a controlled substance in the third degree and convicted of the remaining three crimes following a jury trial on November 13, 1998. He was sentenced on January 20, 1999 to a term of imprisonment of 15 years to life, the mandatory minimum sentence for the crime of criminal possession of a controlled substance in the first degree, a concurrent term of one to three years on the criminal possession of a controlled substance in the third degree conviction and a definite sentence of one year on the misdemeanor conviction.
Following his initial arrest on a felony complaint charging the class A-l felony of criminal possession of a controlled substance in the first degree, and prior to indictment, defendant’s first attorney negotiated a disposition with the district attorney which called for the defendant to be arraigned on a felony complaint charging criminal nuisance in the first degree, waiving grand jury with respect to that charge and entering a plea of guilty to a superior court information (SCI) charging that crime, with a promise of a sentence of no more than four months in jail and five years’ probation. An appearance was scheduled before the Honorable Patrick H. Mathews, Broome County Court Judge, for waiver of indictment and arraignment on the superior court information on June 11, 1998. The gravamen of the new charge was that the defendant “knowingly conducted or maintained a place * * * where persons come or gather for purposes of engaging in the unlawful sale of controlled substances * * * thereby deriving a benefit from such unlawful conduct.” At that appearance, during the plea colloquy, the defendant was emphatic that he had no knowledge that drugs (cocaine) were kept in his apartment. The court took great pains to review this critical element: that the defendant knew the drugs were there, knew that others were keeping drugs there. The defendant was adamant that not only did *659 he not know that others were using the apartment to keep drugs in it to sell, but that he did not know that the drugs were there at all. Part of this colloquy was this:
“the court: People were possessing drugs there for sale.
“the defendant: Correct.
“the court: You knew that?
“the defendant: No, I did not know that, sir.
“the court: You didn’t know that your apartment was being used by individuals to possess drugs?
“the defendant: Correct, no. It was just one other individual staying with me.
“the court: And you had no idea he had drugs?
“the defendant: I did not, sir. No, I did not.
“the court: Because that’s the essence of the crime here.”
As can be seen, regardless of whether the charge were to be criminal possession of a controlled substance in any degree, or the proposed criminal nuisance charge, the defendant’s assertion of lack of knowledge of the presence of cocaine, or the illicit use of his home, precluded an admission of guilt. Whether actual or constructive possession, the gravamen of either offense was knowing possession. One cannot be guilty under a theory of constructive possession without that possession being knowing possession.
When the court observed that the defendant then was innocent of this crime and asked him why he would want to plead guilty, the defendant stated, “Because they said it’s the best for me to do, to get * * * .” At this point the district attorney interjected, “We’ll be going to the grand jury with this case, Judge.”
The defense attorney then noted that he had advised his client that he risked state prison if he went to trial, that he would be indicted for a B felony. Neither the court nor the prosecutor noted that he might also face a class A-l felony, which would also require a state prison sentence.[1] The following day, the defendant, his attorney and the prosecutor appeared in court. Defense counsel advised the court that his client “still maintains that he had no knowledge that his apartment was being used for illegal drug activities.” He assured the court *660 that he had gone over the matter fully, including review of the evidence, and “spent an awful lot of time here explaining exactly what’s going on.” Because the agreed upon disposition did not take place, the SCI and waiver were withdrawn.
Thereafter, the defendant and defense counsel were given written notice that the A-l felony would be presented to the grand jury. At arraignment on the indictment, counsel was substituted and new counsel assigned. The defendant was arraigned on the indictment on June 23, 2002. Motion practice followed and a pretrial hearing was held on November 2, 2002. Following the hearing a conference was had and then, on the record, the court made clear to both counsel and the defendant that any negotiated disposition would have to occur that day, that the court would not accept a reduced plea thereafter. The court reminded the defendant and counsel that if convicted after trial, the mandatory minimum on the A-l felony was 15 years to life. The court gave the defense and prosecutor time to discuss the matter. Later, on the record again, counsel advised the court that the defendant desired a trial.
Trial began on November 10, 1998. The gist of the evidence was that a search warrant was executed at the defendant’s apartment and cocaine was found and seized from three locations: approximately four ounces of rock cocaine inside the pocket of a sweatshirt which belonged to the defendant and was hung in a closet in a room identified as the defendant’s bedroom; within that same closet above the door casing were 54 packets of rock cocaine and a bag of powder cocaine; a small amount of powder cocaine on a dollar bill was found on the kitchen table; and lastly, tucked within a stack of folded trousers in a closet in a second bedroom were several small plastic ziplock bags. The defendant testified in his own defense. The essence of his testimony was that the (minimal amount of) powder cocaine found in the kitchen was his, for his own personal use. He knew nothing about the rock or powder cocaine or packaging materials found anywhere else in the apartment, nor did he know that the person staying at his apartment was in possession of any drugs in the apartment, or that he was engaged in any drug selling or related activities in the apartment. In short, his testimony was consistent with his claims made during the attempted plea colloquy: that he was innocent of any crime other than the misdemeanor crime of criminal possession of a controlled substance in the seventh degree, relating to the cocaine found in the kitchen only.
The jury was charged on the law of possession and constructive possession. They requested, during the course of their *661 deliberations, clarification of constructive possession and of knowing possession. As to the latter, one note sent to the court stated, “Knowledge: does this mean that the defendant needs to know the specifics about exhibit number 3, did he know that exhibit number 3 existed in his apartment in order to find him guilty of the element of knowledge?” As the court noted to counsel, and so instructed the jury, “the answer to that question is yes. Yes.” The defendant was found guilty of possession of the cocaine in the sweatshirt (weight possession), guilty of possession of the 54 packets of rock cocaine with intent to sell, not guilty of possession with intent to sell the powder cocaine found in the same location a§ the rock, and guilty of possession of the cocaine in the kitchen. The court explored with defense counsel the issue of whether the verdict was repugnant. As observed by the prosecutor and court, the jury could well have found that the defendant knowingly possessed the powder cocaine (count 4), but did not intend to sell it, rather, finding it to be for his own use, and the source of the powder cocaine found in the kitchen. The motion to set aside the verdict as repugnant was denied.
The defendant now contends that but for the failure of his first attorney to advise that he would face a class A-l felony and its mandatory minimum sentence of 15 years to life, he would have accepted the proposed plea bargain. The court is not persuaded. As expressed to the defendant in court when he rejected the plea bargain by asserting his innocence, not by asserting his displeasure with the proposed sentence, his attorney noted that he risked state prison, if convicted after trial. And while neither the court, district attorney nor his attorney set forth the parameters of the sentences he would face — whether on a class B felony (1 to 3 up to SVs to 25 years in prison) or the A-l (15 to life up to 25 to life), it did not matter. By asserting his innocence, insisting that he did not know anyone was using his apartment to store drugs, emphatically insisting that he had absolutely no idea that drugs were being kept in his apartment, it was absolutely clear that a plea bargain was not going to happen, that if his assertions were in fact the truth, the defendant was innocent of any of the proposed crimes. The court properly rejected his attempt to plead guilty.[2]
This court will also not conclude that counsel was ineffective for failing to ask for an Alford plea under the circumstances *662 here. This court does not accept Alford pleas from defendants who profess their innocence. And, as has been the practice in this county for many years, the district attorney does not consent to such pleas, which consent would have been necessary in this case in order for the court to have accepted it. In this case, it was patently obvious on June 11, 1998, when the defendant asserted his innocence and lack of the requisite knowledge to be found guilty of the charge in the SCI (or, later, in the indictment), that the prosecutor was not going to consent to the disposition without an admission of guilt. This is clear from the record of the proceedings on June 11, 1998. And while it is true that on review of whether a guilty plea has been knowingly, voluntarily and intelligently entered, the fact that a full allocution had not been rendered on a negotiated disposition will not necessarily lead to the conclusion that the guilty plea was not validly entered, this does not lead to the conclusion that a court or prosecutor is required to forego an allocution upon an attempt to plead guilty to a reduced charge. It should also be noted that in this case, the proposed charge in the SCI was not a “reduced” or lesser offense. Rather, it was a separate and distinct crime under a different theory of criminal culpability of a lesser grade of offense than those the defendant was ultimately convicted of.
Defendant’s argument that the court’s admonition regarding the risk of the A-l felony came too late, that is, at a time when the previous offer could no longer be available, is likewise rejected. The defendant does not now assert that the prosecutor refused to negotiate at this time. Had the defendant been interested in acknowledging guilt and the People been willing to do so, a new SCI charging criminal nuisance could have been filed following the filing of a new felony complaint charging that crime, or, if the earlier criminal nuisance felony complaint was still pending, under it. The indictment itself could have been dismissed in the interests of justice (CPL 210.20 [1] [i]; 210.40; see, CPL art 195; People v D'Amico, 76 NY2d 877; and see, People v Trueluck, 88 NY2d 546).
This case is clearly distinguishable from Boria v Keane (99 F3d 492), cited by the defendant. In that case, there was no indication that the defendant asserted his innocence, only that he was embarrassed to plead guilty. Additionally, that case was decided on the narrow ground that counsel had failed to advise the defendant that the offered bargain “ ‘appear [ed] to *663 be desirable.’ ” (Boria at 492.) In the instant case, counsel clearly had done that, and made that clear on June 11, 1998 when the defendant, by his assertion of innocence, himself rejected any disposition other than one at a trial jury’s hands.
Finally, as noted, once indicted, this Judge made it clear to the defendant that he was facing a minimum sentence of 15 years to life if convicted after trial and still he maintained his innocence and chose to exercise his right to trial. On this motion, he continues to do the same. By his statement, in his affidavit in support of this motion, “I do not now assert that I knew the drugs were there,” he continues to deny his knowledge of the presence of any contraband. Of course, since he testified under oath at trial, to the same effect, that he did not know the drugs were in his home, he would be providing evidence that he perjured himself at the trial were he now to assert that he did know they were there.
Regardless of the defendant’s claim of confusion about the charge and that he misunderstood the elements of the crimes, and “thought he was innocent because the drugs belonged to someone else,” the record clearly and unequivocally belies these claims: the defendant boldly, affirmatively, and in unequivocal language made it clear to the court and to the jury once at trial, that he had no idea there were any drugs in his home, did not know that anyone was using his home to store or sell drugs, and his only guilt was in possessing, for his own use, the minimal amount of powder cocaine found in the kitchen. These claims at the proposed plea stage precluded the entry of a guilty plea: as noted, neither this court nor the prosecutor would accept a guilty plea without admission of guilt. That the jury chose to discredit at least that much of his testimony that disavowed any knowledge of the presence of drugs in his home was his misfortune.
Finally, a review of the entire record establishes that defendant received the effective assistance of counsel from both attorneys. (See, People v Henry, 95 NY2d 563; People v Baldi, 54 NY2d 137.)
The defendant’s motion is denied.

. Of course, the only charge before the court was the charge of criminal nuisance. The maximum allowable sentence on that class E felony is lVs to 4 years in state prison.

. This court rejects the defendant’s assertion that the arraigning court had a duty to advise the defendant of the risks of pleading not guilty. While the court has the obligation to make sure that a guilty plea is knowing, voluntary and intelligent, the corollary is not true: that the court must advise of *662 all possible risk of not accepting a plea bargain, particularly, where, as here, the only charge before the court is a class E felony.