■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE A. MARROW, Appellant. [753 NYS2d 205] —Lahtinen, J. Appeals (1) from a judgment of the County Court of Broome County (Smith, J.), rendered January 20, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and (2) by permission, from an order of said court, entered May 30, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In late 1997, police obtained information indicating that an individual living at defendant's apartment in the City of Binghamton, Broome County, was selling cocaine on the streets

and storing cocaine at defendant's apartment. A search warrant was executed at defendant's apartment on December 5, 1997, resulting in police recovering various quantities of both rock cocaine and powder cocaine. Defendant was arrested and, viewed as having a minor role, he was offered a deal of pleading guilty to a superior court information (hereinafter SCI) charging him with criminal nuisance in the first degree, a class E felony, and receiving a "maximum sentence of four months weekends and five years probation, or a minimum sentence of five years probation." Defendant accepted the offer and appeared with counsel before County Court, where he waived indictment and attempted to plead guilty to criminal nuisance in the first degree as charged in the SCI. The SCI alleged that defendant maintained an apartment "where persons come or gather for purposes of engaging in the unlawful sale of controlled substances." During the allocution, defendant denied having actual knowledge that anybody possessed drugs for sale in his apartment. County Court thus refused to accept the plea.[1] Defense counsel warned defendant on the record that he risked being charged with a B felony. Defendant was thereafter indicted, however, for a class A felony, i.e., one count of criminal possession of a controlled substance in the first degree, as well as three counts of criminal possession of a controlled substance in the third degree (class B felonies) and one count of criminal possession of a controlled substance in the seventh degree (class A misdemeanor).

A trial ensued and the jury found defendant guilty of one count of criminal possession of a controlled substance in the first degree, one count of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the seventh degree. He was sentenced to concurrent terms of incarceration of 15 years to life, 1 to 3 years and one year, respectively. At sentencing, County Court acknowledged that, in light of the 51-year-old defendant's good record and his minor involvement in the underlying drug crimes, the minimum permissible sentence of 15 years to life was "draconian," "troubling" and undeserved.

Defendant moved to vacate the judgment of conviction pur-

---

1. Since the record reflects that the felony complaint charged defendant with an A felony, the attempted plea arrangement would have run afoul of the holding in *People v Trueluck* (88 NY2d 546; *see People v Young*, 241 AD2d 690, 692). Although the prosecution may have reduced or dismissed the pending felony complaint or filed a superceding felony complaint that did not allege an A felony in order to effect the proffered plea to the SCI, the record does not reflect any such action by the prosecution nor any request for such action by defense counsel.

suant to CPL article 440 asserting, inter alia, that he received ineffective assistance of counsel. He stated that his attorney at the plea bargaining stage, who was subsequently disbarred for conduct unrelated to defendant's case, failed to inform him of the potential sentence he faced, failed to explain the theory of constructive possession to him and failed to explain the elements of the crime to which he unsuccessfully attempted to plead guilty. The motion was denied without a hearing. Defendant appeals the judgment of conviction and the denial of his CPL article 440 motion.

Defendant asserts numerous arguments on appeal. We turn first to his contention that the prosecution was improperly permitted to cross-examine him regarding prior bad acts. In his pretrial motion, defendant demanded that the prosecution disclose prior bad acts and uncharged crimes that might be used in cross-examining him and that a pretrial hearing be conducted regarding such evidence (*see* CPL 240.43; *People v Sandoval*, 34 NY2d 371). In response, the prosecution stated that, in the event it sought to introduce any such evidence, it would disclose the information at the pretrial hearing. At the *Sandoval* hearing, however, no uncharged crimes or bad acts were disclosed by the prosecution. Defendant elected to testify at trial. On cross-examination, the prosecution asked defendant several questions relating to whether he failed to report income to the Department of Social Services while receiving welfare benefits. Defense counsel's objection to the line of questioning was overruled. No inquiry was made as to whether the probative value outweighed the potential for prejudice. Although defendant denied the conduct, the repeated questioning of defendant for a purported bad act, when proper pretrial procedures had not been followed and no limiting instruction was given to the jury, constituted error (*see People v Beasley*, 184 AD2d 1003, *affd* 80 NY2d 981; *People v Butts*, 177 AD2d 782; *see also People v Chaney*, 298 AD2d 617).

We find further error with respect to the admission into evidence of statements made by defendant to police while the search warrant was being executed in his apartment. Defendant's pretrial motion included an application to suppress statements he made to police on the date of his arrest. Defendant was handcuffed during the search and the police asked him a series of questions, including whether he was the owner of a certain sweatshirt in which cocaine was found. He admitted ownership of the sweatshirt, but denied any knowledge about the cocaine. He was thereafter transported to the police station and, upon arriving, was then advised of his *Miranda*

rights. Following a suppression hearing, County Court determined that defendant was arrested (thus, in custody) once police discovered cocaine in defendant's apartment, and we accept County Court's factual determination in such regard (*see People v Dickson*, 260 AD2d 931, 932, *lv denied* 93 NY2d 1017). The questioning about the sweatshirt occurred after cocaine was discovered and well before defendant was apprised of his *Miranda* rights. His responses to the police questions regarding the sweatshirt should have thus been suppressed. The prosecution, however, presented such evidence in its case[2] and, indeed, made significant use of the evidence in summation. Upon review of the record, we conclude that the combined effect of the errors deprived defendant of a fair trial and, accordingly, the judgment of conviction must be reversed.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and matter remitted to the County Court of Broome County for a new trial. Ordered that the appeal from the order is dismissed, as academic. [*See* 192 Misc 2d 657.]

---

2. Although defendant failed to object to the introduction of this evidence at trial, we nevertheless elect to consider the issue on appeal as a matter of discretion in the interest of justice (*see* CPL 470.15 [3]).