THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD D. GLASGOW, Appellant. [785 NYS2d 247]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered November 13, 2002. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating that part of the sentence ordering restitution and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). We reject the contention of defendant that he was the subject of an improper warrantless search and seizure. The stop of defendant's vehicle was based on probable cause as the result of information obtained by the Syracuse Police Department, through eavesdropping on defendant's telephone calls, that defendant would be driving from New York City to the Syracuse area with cocaine (*see generally People v Blasich,* 73 NY2d 673, 679-681 [1989]; *People v Bigelow,* 66 NY2d 417, 423 [1985]). The eavesdropping warrants were properly issued upon a showing by the People that "normal investigative procedures [were] tried and . . . failed, or reasonably appear[ed] to be unlikely to succeed if tried, or [were] too dangerous to employ" (CPL 700.15 [4]; *see People v Palmeri,* 272 AD2d 968, 969 [2000], *lv denied* 95 NY2d 967 [2000]).

We conclude, however, that the judgment must be modified because the restitution ordered by County Court, although with defendant's consent, was nonetheless improper inasmuch as the recipient of the restitution was not a "victim" as defined by

Penal Law § 60.27 (4) (b) (*see People v Watson*, 197 AD2d 880 [1993]). We modify the judgment, therefore, by vacating that part of defendant's sentence ordering defendant to pay restitution. Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Hayes, JJ.