■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HARRIS, Appellant. (Appeal No. 1.) [788 NYS2d 745]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered December 20, 2002. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the fourth degree (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon a jury verdict, of four counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). In appeal No. 2, defendant appeals from a judgment convicting him, upon a plea of guilty, of one count of criminal possession of a controlled substance in the second degree (§ 220.18 [2]).

The contention of defendant that his conviction in appeal No. 1 is not based on legally sufficient evidence is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]; *see also People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, that contention lacks merit. We note that, at trial, the People offered the testimony of an informant who testified as to four controlled drug buys he made from defendant on four different occasions, and offered evidence obtained through eavesdropping warrants that confirmed the drug activity of defendant. We also reject defendant's contention that the verdict is against the weight of the evidence.

Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, the appellate court must give "[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d 490, 495 [1987]). Here, because the testimony of the informant was crucial to the determination by the jury, and the testimony of the informant indicated that his cooperation would result in a reduction of the term of his incarceration, it was for the jury to determine whether to credit the informant's testimony. The credibility determination is a task within the province of the jury, and its judgment should not be lightly disturbed (*see People v Coleman*, 278 AD2d 891 [2000], *lv denied* 96 NY2d 798 [2001]). We reject the further contention of defendant in appeal No. 1 that the evidence obtained through eavesdropping warrants should have been suppressed, inasmuch as we have previously determined that the eavesdropping warrants were properly issued (*see People v Glasgow*, 12 AD3d 1172 [2004]).

By failing to move to withdraw his plea in appeal No. 2, defendant failed to preserve for our review his contentions that the plea was not knowingly, intelligently and voluntarily entered and was factually insufficient (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We have reviewed defendant's remaining contention with regard to appeal No. 2 and conclude that it is without merit. Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.