■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY GLOVER, Appellant. [803 NYS2d 272]—

Rose, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered June 24, 2002, upon a verdict convicting defendant of five counts of the crime of criminal sale of a controlled substance in the third degree.

As a result of his alleged sale of heroin to a confidential informant in two controlled buys and his possession of heroin at the time of his arrest for those sales while on his way to a third such transaction, defendant was charged by indictment with, among other things, criminal sale of a controlled substance in the third degree (five counts). Following a hearing, County Court denied defendant's pretrial motion to suppress all evidence resulting from his warrantless arrest, finding that the police had probable cause to arrest him. Defendant was then convicted as charged following a jury trial. County Court sentenced him as a second felony offender to five concurrent prison terms of 11 to 22 years and he now appeals.

Initially, County Court properly determined that probable cause existed for defendant's arrest. At the suppression hearing, defendant failed to preserve his present contention that the reliability of the confidential informant was not sufficiently

established by the prosecution (*see People v Davis*, 18 AD3d 1016, 1017 [2005], *lv denied* 5 NY3d 805 [2005]). In any event, the confidential informant knew defendant from past transactions, identified him from a photo array and gave police the heroin obtained in two controlled buys. The informant's description of the illegal sales for which defendant was arrested was corroborated by the recorded conversations between the informant and defendant, and the observations of the officers monitoring the controlled buys. This evidence amply established the informant's reliability (*see People v Bell*, 5 AD3d 858, 859-860 [2004]; *People v Alston*, 1 AD3d 627, 628 [2003], *lv denied* 1 NY3d 594 [2004]; *People v Benjamin*, 150 AD2d 952, 953-954 [1989]).

Next, we reject defendant's contention that the evidence was not legally sufficient to demonstrate that he possessed a bundle of heroin which was found in the police vehicle after his arrest. Contrary to defendant's argument that constructive possession could not be established by his mere presence in the rear of the vehicle where the heroin was found, the prosecution presented circumstantial evidence of his actual possession of the heroin (*see People v Mateo*, 13 AD3d 987, 988 [2004]; *People v Reid*, 12 AD3d 719, 720 [2004], *lv denied* 4 NY3d 767 [2005]; *People v Jackson*, 302 AD2d 748, 749-750 [2003], *lv denied* 100 NY2d 539 [2003]). One of the arresting officers, who also drove the police car, testified that he had searched the rear seat of the police car shortly before arresting defendant, he had found no contraband at that time and he then found a bundle of heroin under the rear seat immediately after defendant exited the car. In resolving the issues of whether the officer actually searched the police car before arresting defendant and how the heroin escaped detection when the arresting officers patted him down for weapons, the jury was free to consider that a third controlled buy had been arranged and defendant was on his way to the informant's apartment at the time of his arrest. Accordingly, we will defer to the jury's credibility determinations (*see People v Battease*, 3 AD3d 601, 602 [2004]). Moreover, the verdict was not against the weight of the evidence.

We have considered defendant's remaining arguments, including his contentions that his counsel was ineffective and the sentence imposed was harsh and excessive, and find them unpersuasive.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed.