■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP FLOWERS, Appellant. [873 NYS2d 413]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered September 2, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the motion seeking to suppress defendant's statements made to the police during the execution of the search warrant is granted and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), defendant contends that the search warrant in question was not issued upon probable cause and that County Court therefore erred in refusing to suppress physical evidence seized during the execution of the search warrant. We reject that contention. It is well settled that "probable cause may be supplied, in whole or in part, [by] hearsay information, provided [that] it satisfies the two-part *Aguilar-Spinelli* test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted" (*People v Bahr*, 35 AD3d 909, 910 [2006], *lv denied* 8 NY3d 919 [2007] [internal quotation marks omitted]; *see People v Parris*, 83 NY2d 342, 346 [1994]). Here, probable cause for the search warrant was supplied by the firsthand knowledge of an experienced confidential informant whose reliability was established based on his previous participation in three controlled buys of cocaine from the residence that was the subject of the search warrant. Moreover, the confidential informant met with police officers immediately before and after the prior controlled buys. We thus conclude that the People satisfied both prongs of the *Aguilar-Spinelli* test (*see People v*

*Johnson*, 66 NY2d 398, 403 [1985]; *cf. People v Elwell*, 50 NY2d 231, 237-242 [1980]).

We agree with defendant, however, that the court erred in refusing to suppress his statements made to the police during the execution of the search warrant. At that time, a narcotics officer asked defendant how much cash he had in his pockets, and defendant responded that he had approximately $600. The police then found over $600 on defendant's person. Defendant was subsequently asked by the narcotics officer if he was the owner of $60 found in the kitchen of the residence that was the subject of the search warrant. Defendant denied ownership of the $60 at that time. When the narcotics officer later asked him the same question, defendant again denied ownership of the $60. According to the testimony of the narcotics officer at the suppression hearing, however, defendant also stated that "the only thing that was his was that weed" and that he "just sold weed." At the time of those statements, defendant was handcuffed and had not been advised of his *Miranda* rights.

We conclude that those statements should have been suppressed. Contrary to the People's contention, they were not made in response to a routine processing question (*cf. People v Rodney*, 85 NY2d 289, 293-294 [1995]; *People v Langston*, 243 AD2d 728 [1997], *lv denied* 91 NY2d 875 [1997]). Rather, we note that "the People may not rely on the pedigree exception if the question[ ], though facially appropriate, [is] likely to elicit incriminating admissions because of the circumstances of the particular case" (*Rodney*, 85 NY2d at 293; *see Pennsylvania v Muniz*, 496 US 582, 602 n 14 [1990]). Here, the narcotics officer testified at the suppression hearing that he questioned defendant for the purpose of completing a form that was required in the event of "an arrest *for narcotics*" (emphasis added). Cash indisputably plays a significant role as circumstantial evidence in narcotics cases (*see e.g. People v Sykes*, 47 AD3d 501 [2008], *lv denied* 10 NY3d 817 [2008]; *People v Gadsden*, 192 AD2d 1103 [1993], *lv denied* 82 NY2d 718 [1993]; *People v Orta*, 184 AD2d 1052, 1054-1055 [1992]), however, and we conclude that "an objective observer with the same knowledge concerning the suspect as the police had would conclude that the [question of the narcotics officer concerning the ownership of cash found in the kitchen during the execution of the search warrant] was reasonably likely to elicit [an incriminating] response" (*People v Ferro*, 63 NY2d 316, 319 [1984], *cert denied* 472 US 1007 [1985]; *see People v Marrow*, 301 AD2d 673, 675-676 [2003]). Inasmuch as the erroneous suppression ruling may have affected defendant's decision to plead guilty, we conclude that the plea must

be vacated (*see People v Brinson*, 186 AD2d 1063 [1992]). Present—Hurlbutt, J.P., Martoche, Fahey and Gorski, JJ.