THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MONROE, Also Known as LUV, Appellant. [919 NYS2d 666]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the

third degree (§ 220.16 [1]). Defendant contends that his arrest was not supported by probable cause and that County Court therefore erred in refusing to suppress statements made by defendant to the police, as well as physical evidence seized incident to his arrest. We reject that contention. Where hearsay information forms at least in part the basis for probable cause, the information must satisfy " 'the two-part *Aguilar-Spinelli* test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted' " (*People v Flowers*, 59 AD3d 1141, 1142 [2009]). Here, the police had probable cause to arrest defendant based on information imparted to the police by the confidential informant who purchased cocaine from defendant. With respect to the reliability requirement, the police verified the accuracy of the information provided by the confidential informant by monitoring the drug transactions (*see People v Glover*, 23 AD3d 688, 689 [2005], *lv denied* 6 NY3d 776 [2006]) and, with respect to the basis of knowledge requirement, the People established that the confidential informant participated in the drug transactions involving defendant (*see People v Ketcham*, 93 NY2d 416, 420 [1999]).

We agree with defendant, however, that the court erred in ordering defendant to pay restitution "inasmuch as the recipient of the restitution[, Wayne County,] was not a 'victim' as defined by Penal Law § 60.27 (4) (b)" (*People v Glasgow*, 12 AD3d 1172, 1172-1173 [2004], *lv denied* 4 NY3d 763 [2005]; *see People v Watson*, 197 AD2d 880, 880-881 [1993]). We therefore modify the judgment accordingly. "Although a defendant may agree to pay [restitution] as part of a plea agreement" (*People v Pelkey*, 63 AD3d 1188, 1191 [2009], *lv denied* 13 NY3d 748 [2009]; *see* CPL 570.56), there is no evidence in this case that defendant did so. Finally, the sentence imposing concurrent terms of incarceration to be followed by a period of postrelease supervision is not unduly harsh or severe. Present—Centra, J.P., Fahey, Carni, Green and Gorski, JJ.