# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**368**
**KA 10-00061**
PRESENT: CENTRA, J.P., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHRISTOPHER MONROE, ALSO KNOWN AS LUV,
DEFENDANT-APPELLANT.

---

RONALD C. VALENTINE, PUBLIC DEFENDER, LYONS (MARY P. DAVISON OF
COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (MELVIN BRESSLER OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Dennis M.
Kehoe, J.), rendered October 5, 2009. The judgment convicted
defendant, upon a jury verdict, of criminal sale of a controlled
substance in the third degree (two counts) and criminal possession of
a controlled substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the restitution ordered
and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of two counts each of criminal sale of a
controlled substance in the third degree (Penal Law § 220.39 [1]) and
criminal possession of a controlled substance in the third degree (§
220.16 [1]). Defendant contends that his arrest was not supported by
probable cause and that County Court therefore erred in refusing to
suppress statements made by defendant to the police, as well as
physical evidence seized incident to his arrest. We reject that
contention. Where hearsay information forms at least in part the
basis for probable cause, the information must satisfy " 'the two-part
*Aguilar-Spinelli* test requiring a showing that the informant is
reliable and has a basis of knowledge for the information imparted' "
(*People v Flowers*, 59 AD3d 1141, 1142). Here, the police had probable
cause to arrest defendant based on information imparted to the police
by the confidential informant who purchased cocaine from defendant.
With respect to the reliability requirement, the police verified the
accuracy of the information provided by the confidential informant by
monitoring the drug transactions (*see People v Glover*, 23 AD3d 688,
689, *lv denied* 6 NY3d 776) and, with respect to the basis of knowledge
requirement, the People established that the confidential informant
participated in the drug transactions involving defendant (*see People*

*v Ketcham*, 93 NY2d 416, 420).

     We agree with defendant, however, that the court erred in ordering defendant to pay restitution "inasmuch as the recipient of the restitution[, Wayne County,] was not a 'victim' as defined by Penal Law § 60.27 (4) (b)" (*People v Glasgow*, 12 AD3d 1172, 1172-1173, *lv denied* 4 NY3d 763; *see People v Watson*, 197 AD2d 880, 880-881).  We therefore modify the judgment accordingly.  "Although a defendant may agree to pay [restitution] as part of a plea agreement" (*People v Pelkey*, 63 AD3d 1188, 1191, *lv denied* 13 NY3d 748; *see* CPL 570.56), there is no evidence in this case that defendant did so.  Finally, the sentence imposing concurrent terms of incarceration to be followed by a period of postrelease supervision is not unduly harsh or severe.

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court