# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

683

KA 11-02464

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JORDAN J. ELLISON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM G. PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered December 7, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Monroe County Court for further proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the third degree (Penal Law § 140.20) and petit larceny (§ 155.25). Contrary to defendant's contention concerning the burglary count, the evidence is legally sufficient to establish that he knowingly entered Macy's Department Store (Macy's) at the Marketplace Mall, after having been banned from entering the mall for his lifetime, with the intent to commit a crime (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's further contention, County Court did not abuse its discretion in permitting the People to question him on cross-examination with respect to five prior convictions for petit larceny and one for burglary in the third degree, but refusing to permit the People to question him with respect to several other petit larceny convictions (*see generally People v Smith*, 18 NY3d 588, 593; *People v Hayes*, 97 NY2d 203, 207). "[A]n exercise of a trial court's *Sandoval* discretion should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning" (*People v Walker*, 83 NY2d 455, 459).

Defendant also contends that the People failed to meet their burden of establishing that there was probable cause to arrest him because the arrest was based upon information received in a call from Macy's security personnel that did not satisfy the *Aguilar-Spinelli*

test, which requires " 'a showing that the informant is reliable and has a basis of knowledge for the information imparted' " (*People v Flowers*, 59 AD3d 1141, 1142).  We reject that contention.  The Sheriff's deputies who responded to the radio call from security personnel at Macy's were in their office located at the Marketplace Mall when they were advised that a black male carrying a garbage bag containing clothing for which he had not paid had exited the store at the mall entrance.  The Sheriff's deputies immediately proceeded toward the Macy's store and encountered defendant, who matched the description provided by Macy's security personnel, as well as the security personnel who had made the call and had followed defendant out of the store (*cf. People v Parris*, 83 NY2d 342, 350; *People v Dodt*, 61 NY2d 408, 415-416).  We therefore conclude that the court properly determined that there was probable cause to arrest defendant.  Inasmuch as there was no " 'police-arranged confrontations between a defendant and an eyewitness' " (*People v Dixon*, 85 NY2d 218, 222), we reject defendant's contention that the court erred in determining that no *Wade* hearing was required with respect to the identification of defendant by security personnel.  We have reviewed defendant's remaining contention and conclude that it has no merit.

Entered:  June 14, 2013                     Frances E. Cafarell
                                            Clerk of the Court