Christopher MONROE, Petitioner,

v.

Calvin O. RABSATT, Respondent.

No. 14–CV–6118 EAW.

United States District Court, W.D. New York.

Signed June 22, 2015.

Christopher Monroe, Ogdensburg, NY, pro se.

Alyson Gill (E–Service) Arlene Roces (E–Service) Melvin Bressler, Bressler & Kunze, Rochester, NY, for Respondent.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

### BACKGROUND

Petitioner Christopher Monroe ("Petitioner"), acting *pro se,* seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction of third degree criminal sale of a controlled substance and other related charges in Wayne County Court, State of New York, on October 5, 2009, was unconstitutionally obtained. (Dkt. 1 at 1). Petitioner argues that his arrest was not supported by probable cause, and that therefore his statement to the police and evidence seized incident to the arrest should have been suppressed. (*Id.* at 4–5).

On March 31, 2014, this Court granted Petitioner leave to proceed *in forma pauperis* but directed Petitioner to provide information indicating why his petition was not untimely under the one year statute of limitations provided by 28 U.S.C. § 2244(d)(1). (Dkt. 5). Petitioner responded on April 9, 2014 (Dkt. 6), and on July 9, 2014, this Court issued a decision finding that "Petitioner raises sufficient factual questions to warrant further development of the issue of equitable tolling of the one year statute of limitations" (Dkt. 7 at 2).

In that order, the Court directed Respondent to file and serve an answer within 90 days of the entry of the order accompanied by a memorandum of law specifically addressing the equitable tolling issue. (*Id.* at 4). Respondent was further directed to supply the Court with any records or documents related to underlying state or appellate court proceedings. (*Id.* at 3–4). The order also stated that Respondent could file a motion for a more definite statement or motion to dismiss within 30 days of the filing of the order, which would extend Respondent's time to answer by 14 days. (*Id.* at 4).

On October 22, 2014, Respondent filed a docket entry entitled a "Motion for Judgment on the Pleadings." (Dkt. 9). This submission was untimely, and Respondent did not address the equitable tolling issue in his memorandum of law or incorporate records from the underlying proceedings in accordance with this Court's order.

Accordingly, in an order dated October 30, 2014, this Court denied Respondent's "Motion for Judgment on the Pleadings" and directed Respondent to file an answer

and memorandum of law including: (1) a discussion of the equitable tolling issue; (2) the information and supporting materials requested by this Court's order of July 9, 2014; and (3) any affirmative defenses pursuant to Fed.R.Civ.P. 12(b). (Dkt. 10).

On November 14, 2014, Respondent filed his answer and supporting memorandum of law. (Dkt. 12). On December 3, 2014, the Court received the Wayne County Court transcript of the underlying proceedings. Petitioner was given an opportunity to respond to Respondent's memorandum of law by December 31, 2014, but Petitioner has failed to respond to date. (Dkt. 14).

For the following reasons, the Court finds that Petitioner's petition is barred by the statute of limitations, and equitable tolling does not apply. In addition, Petitioner's petition should be denied on substantive grounds. As a result, the petition is dismissed.

## DISCUSSION

### A. Equitable Tolling

Under 28 U.S.C. § 2244(d)(1), a habeas corpus petition must be filed within one year from:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Petitioner states that he was sentenced on October 5, 2009, and appealed the sentence to the Appellate Division, Fourth Department, with his conviction affirmed by the Fourth Department on March 25, 2011. (Dkt. 6). Petitioner alleges that his attorney failed to file leave to appeal to the New York Court of Appeals, and that upon learning of this failure, Petitioner filed a writ of error coram nobis alleging ineffective assistance of counsel that was denied by the Appellate Division, Fourth Department, on June 7, 2013. (*Id.*). Petitioner's request for leave to appeal to the New York Court of Appeals was denied on January 22, 2014. (*Id.*). Petitioner filed the instant habeas petition on March 5, 2014. (Dkt. 1). Petitioner asserts that his § 2244(d)(1) time should run from January 22, 2014, which would make his filing of the habeas petition on March 5, 2014, a timely filing. (Dkt. 6).

Petitioner is mistaken that his attorney did not file a motion for leave to appeal to the Court of Appeals. The Court of Appeals denied leave to appeal Petitioner's criminal conviction on July 6, 2011. *See People v. Monroe*, 17 N.Y.3d 808, 929 N.Y.S.2d 568, 953 N.E.2d 806 (2011). As a result, it would seem that Plaintiff's current petition is time-barred because it was filed more than one year after July 6, 2011, when the Court of Appeals denied Plaintiff's initial application for leave to appeal.

■ However, this Court determined on July 9, 2014, that there appeared to be a factual question as to whether equitable tolling should apply because "it is unclear whether petitioner's attorney notified him that leave to appeal was filed, and further, if petitioner was notified that leave to ap-

peal was then denied." (Dkt. 7 at 2). As the Court recognized: " 'Where a petitioner, through no fault of his own, first learns of the outcome of a final appeal after the time for seeking habeas has expired, equitable tolling is appropriate.' " (*Id.*) (quoting *Vasquez v. Greiner*, 68 F.Supp.2d 307, 310 (S.D.N.Y.1999)).

Respondent notes that he is unable to speak to Petitioner's knowledge of the fact that his appellate counsel, Mary Davidson, Esq., sought leave to appeal to the Court of Appeals or that the request was denied. (Dkt. 12–1 at 2). Counsel for Respondent reached out to Ms. Davidson, who was "uncomfortable" speaking about her client. (*Id.*).

By Court order dated December 5, 2014, Petitioner was given an opportunity to respond to Respondent's answer. (Dkt. 13). Petitioner failed to respond. Since Petitioner has failed to establish the appropriateness of equitable tolling, it appears that the petition is plainly barred on statute of limitations grounds. However, even if equitable tolling was applicable, Petitioner's petition should be dismissed on substantive grounds.

## B. Denied on Substantive Grounds

■ Petitioner contends that his initial arrest was based on hearsay, and as a result, his arrest was not supported by probable cause and any of his subsequent statements should have been suppressed. (Dkt. 1).

Respondent argues that these same issues were raised in Petitioner's appeal from his conviction and were denied. (Dkt. 12–1).

Pursuant to 28 U.S.C. § 2254(d):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* Here, Petitioner's argument that his arrest was based on hearsay, and therefore lacked probable cause, has already been adjudicated on the merits by the Appellate Division, Fourth Department. In addition, the Court of Appeals denied leave to appeal from this decision.

Specifically, the Appellate Division, Fourth Department considered Petitioner's arguments concerning hearsay and probable cause and ruled as follows:

Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of criminal sale of a controlled substance in the third degree ... and criminal possession of a controlled substance in the third degree.... Defendant contends that his arrest was not supported by probable cause and that County Court therefore erred in refusing to suppress statements made by defendant to the police, as well as physical evidence seized incident to his arrest. We reject that contention. Where hearsay information forms at least in part the basis for probable cause, the information must satisfy " 'the two-part *Aguilar–Spinelli* test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted' " (*People v. Flowers*, 59 A.D.3d 1141, 1142 [873 N.Y.S.2d 413 (2009) ] ). Here, the police had probable cause to arrest defendant based on information imparted to the police by the

confidential informant who purchased cocaine from defendant. With respect to the reliability requirement, the police verified the accuracy of the information provided by the confidential informant by monitoring the drug transactions (*see People v. Glover*, 23 A.D.3d 688, 689 [803 N.Y.S.2d 272 (2005)], *lv. denied* 6 N.Y.3d 776 [811 N.Y.S.2d 343, 844 N.E.2d 798 (2006)]) and, with respect to the basis of knowledge requirement, the People established that the confidential informant participated in the drug transactions involving defendant (*see People v. Ketcham*, 93 N.Y.2d 416, 420 [690 N.Y.S.2d 874, 712 N.E.2d 1238 (1999)]).

*People v. Monroe*, 82 A.D.3d 1674, 1674–75, 919 N.Y.S.2d 666 (4th Dep't 2011).

Based on the Court's review of the decision of the Fourth Department as well as the transcript of the Wayne County Court proceedings, it appears that the Fourth Department properly applied the relevant legal standards and based its decision on a reasonable determination of the facts in light of the evidence presented in the State court proceeding. As a result, even if equitable tolling was applied to the underlying petition, the petition should be denied on substantive grounds.

## CONCLUSION

For the foregoing reasons, Petitioner's petition is dismissed. The Clerk of Court is directed to enter judgment in favor of Respondent and close the case.

SO ORDERED.