# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**718**

**KA 12-01618**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ANDRE BAPTISTA, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered April 11, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]), defendant contends that the search warrant in question was not issued upon probable cause and that Supreme Court therefore erred in refusing to suppress physical evidence seized during the execution of the search warrant. We reject that contention.

"It is well settled that probable cause may be supplied, in whole or in part, [by] hearsay information, provided [that] it satisfies the two-part *Aguilar-Spinelli* test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted" (*People v Flowers*, 59 AD3d 1141, 1142 [internal quotation marks omitted]). Here, defendant does not challenge the confidential informant's hearsay information other than to say that the informant's reliability or basis of knowledge was not established. We agree with the People that the confidential informant's reliability and the basis of his knowledge was established by evidence of the confidential informant's participation in the four controlled buys from defendant and the confidential informant's prior participation in over 20 other investigations (*see People v Myhand*, 120 AD3d 970, 973-975, *lv denied* 25 NY3d 952; *People v Monroe*, 82 AD3d 1674, 1675, *lv denied* 17 NY3d

808; *Flowers*, 59 AD3d at 1142-1143; *People v Lee*, 303 AD2d 839, 840, *lv denied* 100 NY2d 622). We therefore conclude that the People satisfied both prongs of the *Aguilar-Spinelli* test.

Defendant's contention that he was never identified in the warrant application is not preserved for our review (*see generally People v Fuentes*, 52 AD3d 1297, 1298, *lv denied* 11 NY3d 736), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Contrary to the contention of defendant, the confidential informant's single photo identification of defendant was not improper and did not taint the entire warrant application. The confidential informant's photo identification was not offered as "proof sufficient to warrant a conviction beyond a reasonable doubt," but it was instead used simply to determine whether there was "information sufficient to support a reasonable belief that an offense [had] been or [was] being committed or that evidence of a crime [could] be found in a certain place" (*People v Bigelow*, 66 NY2d 417, 423). Moreover, "[t]he validity of the warrant is determined based on the information available at the time it was issued" (*People v O'Connor*, 242 AD2d 908, 910, *lv denied* 91 NY2d 895; *see People v Nieves*, 36 NY2d 396, 402), and we conclude that the single photo identification was acceptable within the context of the warrant application as a whole. The confidential informant was not shown the photograph of defendant until the confidential informant had already completed two controlled buys and had therefore seen the seller, i.e., defendant, twice. Moreover, the police did not apply for the warrant immediately following the single photo identification. Instead, two more controlled buys followed approximately six weeks after the confidential informant's positive identification of defendant, and the confidential informant identified the seller as defendant in both subsequent buys. Thus, the confidential informant "had sufficient opportunity to observe defendant . . . [and] to provide an independent identification" (*People v Kirby*, 280 AD2d 775, 778, *lv denied* 96 NY2d 920; *see People v Kairis*, 37 AD3d 1070, 1071, *lv denied* 9 NY3d 846), and "[a]ny taint . . . was sufficiently attenuated by the passage of time between the two identification[s]" (*People v Davis*, 294 AD2d 872, 873). Any impropriety regarding the use of the single photo identification was therefore vitiated.

Defendant's contention that the surveillance team did not observe the third controlled buy that took place after defendant was seen leaving the apartment in the first week of October 2011 is unpreserved for our review inasmuch as it was not raised in any of defendant's motions or in appearances before the court (*see generally People v Santos*, 122 AD3d 1394, 1395). In addition, defendant's further contention that the hearsay statement of an unidentified female failed the *Aguilar-Spinelli* test is also unpreserved for our review inasmuch as it is raised for the first time on appeal (*see People v Stevens*, 87 AD3d 754, 756, *lv denied* 18 NY3d 861). Finally, defendant's contention that the information upon which the warrant was based was stale is also unpreserved for our review (*see People v Long*, 100 AD3d

1343, 1346, *lv denied* 20 NY3d 1063).  We decline to exercise our power to review any of those unpreserved contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).  We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  July 10, 2015                        Frances E. Cafarell
                                               Clerk of the Court