People v Lee (2020 NY Slip Op 07828)





People v Lee


2020 NY Slip Op 07828


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


1246 KA 18-01218

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON J. LEE, DEFENDANT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered April 16, 2018. The judgment convicted defendant upon a jury verdict of criminal sale of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), arising from two separate incidents in which defendant sold crack cocaine to a confidential informant. Defendant contends that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition to the testimony of the confidential informant who purchased the crack cocaine from defendant on both occasions, the People presented audio recordings of the transactions, text messages between the informant and defendant, the testimony of two law enforcement officers who supervised the informant and monitored those transactions, a video surveillance recording of one of the transactions, and evidence from an expert in the field of forensic chemistry who tested the substance sold on each occasion and confirmed that those substances contained cocaine (see People v Reid, 173 AD3d 1663, 1664-1665 [4th Dept 2019]). Thus, to the extent that the informant's credibility was a significant factor in the jury's determination of the counts of conviction, "[t]he credibility determination is a task within the province of the jury and its judgment should not be lightly disturbed" (People v Harris, 15 AD3d 966, 967 [4th Dept 2005], lv denied 4 NY3d 831 [2005]; see People v Coleman, 278 AD2d 891, 891 [4th Dept 2000], lv denied 96 NY2d 798 [2001]). Furthermore, in light of the overwhelming evidence of defendant's guilt, any error in Supreme Court's refusal to suppress defendant's statements is harmless beyond a reasonable doubt (see generally People v Crimmins, 36 NY2d 230, 237 [1975]).
Finally, the sentence is not unduly harsh or severe.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court