People v Baez (2023 NY Slip Op 03651)

People v Baez

2023 NY Slip Op 03651

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, OGDEN, AND GREENWOOD, JJ.

548 KA 22-01882

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSUE BAEZ, DEFENDANT-APPELLANT. 

JEREMY D. SCHWARTZ, LACKAWANNA, FOR DEFENDANT-APPELLANT.
JASON L. SCHMIDT, DISTRICT ATTORNEY, MAYVILLE (ERIK D. BENTLEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Chautauqua County Court (David W. Foley, J.), rendered October 31, 2022. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). We affirm.
We reject defendant's contention that County Court erred in refusing to suppress evidence obtained pursuant to a search warrant for defendant's residence. "[A] search warrant may be issued only upon a showing of probable cause to believe that a crime has occurred, is occurring, or is about to occur . . . , and where there is sufficient evidence from which to form a reasonable belief that evidence of the crime may be found inside the location sought to be searched" (People v McLaughlin, 193 AD3d 1338, 1339 [4th Dept 2021], lv denied 37 NY3d 973 [2021] [internal quotation marks omitted]; see People v Bartholomew, 132 AD3d 1279, 1280 [4th Dept 2015]). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (People v Bigelow, 66 NY2d 417, 423 [1985]).
Here, the factual allegations contained in the two affidavits attached to the warrant application provided probable cause to believe that defendant was operating a drug business out of his residence based on the observations of a confidential informant (CI) and surveillance conducted by the Chautauqua County Sheriff's Office and the Erie County Sheriff's Office (see People v Ferron, 248 AD2d 962, 963 [4th Dept 1998], lv denied 92 NY2d 879 [1998]). Contrary to defendant's contention, the reliability of the CI was established by the statement of one of the officers that the CI had given credible and accurate information in the past (see People v Colon, 192 AD3d 1567, 1568 [4th Dept 2021], lv denied 37 NY3d 955 [2021]; People v Baptista, 130 AD3d 1541, 1542 [4th Dept 2015], lv denied 27 NY3d 991 [2016]; see generally People v Johnson, 66 NY2d 398, 403 [1985]).
Defendant's further contention that the information on which the search warrant was based was stale is unpreserved for our review (see CPL 470.05 [2]; Baptista, 130 AD3d at 1543), and we decline to exercise our power to reach that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court