People v Martinez (2024 NY Slip Op 06446)

People v Martinez

2024 NY Slip Op 06446

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

736 KA 21-00591

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISMAEL MARTINEZ, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BRAEDAN M. GILLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered March 22, 2021. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, criminal possession of a weapon in the second degree and unlawful imprisonment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the first degree (Penal Law former § 130.35 [1]), criminal possession of a weapon in the second degree (§ 265.03 [3]), and unlawful imprisonment in the second degree (§ 135.05).
Viewing the evidence in light of the elements of the crime of rape in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to that crime is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, we must give "[g]reat deference . . . to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (id.). "The credibility determination is a task within the province of the jury, and its judgment should not be lightly disturbed" (People v Harris, 15 AD3d 966, 967 [4th Dept 2005], lv denied 4 NY3d 831 [2005]). Here, the complainant's testimony was crucial to the determination by the jury, and other evidence corroborated her testimony.
Contrary to defendant's further contention, defense counsel was not ineffective for failing to object to certain testimony referencing defendant's previous incarceration and parole status. "To prevail on an ineffective assistance claim, a defendant must 'demonstrate the absence of strategic or other legitimate explanations'—i.e., those that would be consistent with the decisions of a 'reasonably competent attorney'—for the alleged deficiencies of counsel" (People v Maffei, 35 NY3d 264, 269 [2020]). Here, defense counsel may have had a strategic reason for not objecting to the testimony in question inasmuch as defense counsel may have sought to avoid drawing further attention to that testimony (see People v Buntley, 208 AD3d 1630, 1631 [4th Dept 2022], lv denied 39 NY3d 985 [2022]). We have reviewed defendant's remaining allegations of ineffective assistance of counsel and conclude that they lack merit.
We also reject defendant's contention that Supreme Court erred in allowing the prosecutor, on redirect examination of the complainant, to read certain portions of her grand jury testimony. "Once defense counsel [introduced] selected portions of the [complainant's grand jury testimony] on cross-examination, the prosecutor was free to [introduce] the balance of the [relevant testimony] in order to give the evidence before the jury its full and accurate context" [*2](People v Gonzales, 145 AD3d 1432, 1433 [4th Dept 2016], lv denied 29 NY3d 1079 [2017]; see generally People v Melendez, 55 NY2d 445, 451-452 [1982]).
We conclude that defendant's sentence is not unduly harsh or severe.
Defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court