█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE LEWIS, Also Known as WESS, Appellant. [806 NYS2d 317]—

Crew III, J.P. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered February 27, 2004, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the second degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fourth degree.

In 2002, the State Police Mid-Hudson Drug Enforcement Task Force was engaged in an undercover narcotics investigation in Ulster County and, in September of that year, defendant became a target of the investigation. During the course of that investigation, from September 2002 through November 2002, State Police undercover officers and a confidential informant engaged in numerous conversations and drug transactions with defendant and codefendants, during the course of which many of the conversations between the confidential informant and defendant and an undercover officer and defendant were tape-recorded.

At the conclusion of the investigation and following the execution of a search warrant at the premises where defendant resided, defendant was indicted and charged with criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, four counts of criminal sale of a controlled substance in the second degree and five counts of criminal possession of a controlled substance in the third degree. Following defendant's unsuccessful attempt to suppress the use of the tape recordings and the evidence seized from his residence during execution of the search warrant, defendant was tried and convicted of the crimes of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, two counts of criminal sale of a controlled substance in the second degree, two

counts of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. Defendant was thereafter sentenced, as a second felony offender, to an aggregate prison term of 15 years to life. Defendant now appeals.

Defendant contends that the evidence seized from his apartment pursuant to the search warrant should have been suppressed. We disagree. It is axiomatic that an application for a search warrant must satisfy a court that there is reasonable cause to believe that evidence of a crime may be found (*see People v McCulloch*, 226 AD2d 848, 849 [1996], *lv denied* 88 NY2d 1070 [1996]), and a sworn statement by a person attesting to facts personally observed will satisfy that requirement (*see People v David*, 234 AD2d 787, 788 [1996], *lv denied* 89 NY2d 1034 [1997]). However, where a warrant is based upon information provided by a confidential informant, the reliability and basis of knowledge of the informant must be established (*see People v Martinez*, 80 NY2d 549, 552 [1992]). Contrary to defendant's contention, the reliability and basis of knowledge test was satisfied here. The sworn statement of the affiant/applicant as to his personal dealings with the confidential informant and his personal observations, as well as those of fellow officers, sufficiently corroborated the information provided by the informant (*see People v Thomas*, 129 AD2d 910, 911-912 [1987], *lv denied* 70 NY2d 657 [1987]). Moreover, the personal observations of the affiant, as well as those of his fellow officers, are more than sufficient to establish probable cause, without regard to the information provided by the confidential informant.

We also reject defendant's contention that there was no basis for a "no knock" warrant here. Such a provision was justified given the fact that the substances searched for could be quickly destroyed (*see People v Bell*, 299 AD2d 582, 584 [2002], *lv denied* 99 NY2d 555 [2002]).

With regard to defendant's contention that certain testimony with respect to conversations had between the confidential informant and defendant constituted inadmissible hearsay, we disagree in all cited instances but one. Such testimony constituted part of the criminal res gestae and was admissible as such (*see People v Ayala*, 273 AD2d 40 [2000], *lv denied* 95 NY2d 863 [2000]). With regard to the one inadmissible hearsay statement by the confidential informant that he had paid defendant for the narcotics purchased, we find such error to be harmless in view of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We also find unavailing defendant's contention that County Court erred in failing to exclude the audiotapes because they were inaudible and incomplete. Inasmuch as audibility favors admissibility, a tape recording is admissible unless it is so inaudible that a jury is left to speculate as to its contents (*see People v Rivera*, 257 AD2d 172, 176 [1999], *affd* 94 NY2d 908 [2000]). As has been observed in the past, even where tape recordings contain static and/or are inaudible in part, so long as the transactions can be generally understood by the jury, such infirmities go to the weight of the evidence and not to its admissibility (*see People v Wilson*, 207 AD2d 463, 464 [1994], *lv denied* 84 NY2d 911 [1994]). To be sure, some of the tapes in question are somewhat distorted, indeed portions of a number are inaudible, and are far from what might be considered models of clarity. Nonetheless, it cannot be said that they were almost entirely inaudible or unintelligible and, accordingly, County Court's determination will not be disturbed. We have considered defendant's remaining contentions, including his assertion that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence, and find them to be equally unavailing.

Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.