■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MORRIS, Also Known as RON-DOO, Appellant. [819 NYS2d 359]—

Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered April 15, 2005 in Albany County, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was convicted, following a jury trial, of two counts of criminal sale of a controlled substance in the third degree for his sale of crack cocaine to a paid confidential informant on April 20, 2004 and April 27, 2004 in the City of Albany. Testifying at trial were detectives with the Albany Police Department's narcotics unit who observed and videotaped the transactions, and the informant, who knew defendant and wore a wire during the sales. Although the recording system had malfunctioned during the first sale, the audiotape from the second sale was played for the jury. Upon his convictions, defendant was sentenced as a second felony offender to concurrent prison terms of 7½ to 15 years. Defendant now appeals.

Initially, we reject defendant's contention that Supreme Court erred in failing to exclude the audiotape of the second transaction because it was inaudible. No transcript was made of the tape and defense counsel did not request an audibility hearing or object—on this ground—to the tape being played to the jury

and, thus, this claim is unpreserved (*see People v Serrano*, 170 AD2d 714, 714 [1991], *lv denied* 77 NY2d 967 [1991]; *see also* CPL 470.05 [2]; *cf. People v Rivera*, 257 AD2d 172, 176 [1999], *affd* 94 NY2d 908 [2000]). Further, each time the tape was played for the jury and in its final charge the court properly advised the jury, without objection, that portions of the tape may be inaudible and that it was for the jury to decide, as the factfinder, the weight, if any, to be given this evidence (*see People v Lewis*, 25 AD3d 824, 827 [2006]). Nothing in the court's charge precluded the jury from determining that portions of the tape were insufficiently audible to be relied upon. Although appellate counsel did not submit the tape as an exhibit on appeal, the record only reflects that portions of the tape were inaudible, but does not support the conclusion that it was "so inaudible that [the] jury [was] left to speculate as to its contents" (*id.*), i.e., that the transaction could not be "generally understood by the jury" (*id.*). Thus, defendant has not demonstrated that the court improvidently exercised its broad discretion in admitting the audiotape into evidence at trial (*see People v Rivera, supra* at 176; *see also People v Lewis, supra; People v Wilson*, 207 AD2d 463, 464 [1994], *lv denied* 84 NY2d 911 [1994]).

Similarly unpersuasive is defendant's related claim that trial counsel's decision not to request an audibility hearing deprived him of meaningful representation. From the outset, counsel pursued a viable, albeit unsuccessful, trial strategy in which he used the audio (and video) tapes to argue that there had been no sales by defendant to the informant (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *see also People v Berroa*, 99 NY2d 134, 138 [2002]). Counsel effectively explored the informant's several motives and opportunities to set defendant up, as well as her credibility and the shortcomings in the proof, highlighting that the identification of the voices and the occurrence of drug sales all hinged on her credibility, as no marked "buy" money or drugs were ever found on defendant. Neither counsel's pursuit of an ultimately unsuccessful trial strategy nor any other aspect of this criminal proceeding supports defendant's claim of ineffective assistance (*see People v Rote*, 28 AD3d 868, 870 [2006]; *cf. People v Miller*, 11 AD3d 729 [2004]; *People v Langlois*, 265 AD2d 683 [1999]).

Finally, we find no merit to defendant's assertion that fleeting references to his prior uncharged drug selling require a new trial. On the record before us, we conclude that the references did not describe prior drug sales, the prosecutor did not at any point (including his summation) emphasize defendant's propensity as a drug dealer, the jury was properly instructed by

Supreme Court and defendant was not deprived of a fair trial (*see People v Andrews [Black]*, 274 AD2d 835, 837 [2000], *lvs denied* 95 NY2d 960, 961 [2000]; *cf. People v Jeanty [Johnson] [Black] [Bernard]*, 268 AD2d 675, 679 [2000], *lvs denied* 94 NY2d 945, 949 [2000]). Defendant's remaining claims are also without merit.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.