## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  August 6, 2015                106158
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

          v                                    MEMORANDUM AND ORDER

JORGE CRUZ,
                        Appellant.
_____

Calendar Date:  May 29, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Danielle Neroni Reilly, Albany, for appellant, and appellant pro se.

        P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from a judgment of the Supreme Court (Breslin, J.), rendered May 15, 2013 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and attempted criminal sale of a controlled substance in the third degree.

        Defendant was indicted for the crimes of criminal possession of a controlled substance in the third degree and attempted criminal sale of a controlled substance in the third degree in relation to an August 2012 incident where he allegedly arrived at a designated location in the City of Albany intending to sell heroin to a confidential informant (hereinafter CI). Prior to trial, defendant moved to, among other things, suppress

the physical evidence — namely, the drugs in question and his cell phone — recovered upon his arrest, which motion Supreme Court denied.  At a pretrial conference prior to jury selection, defendant stated his desire to proceed pro se, which request Supreme Court granted.  At the close of trial, the jury found defendant guilty as charged, and he was thereafter sentenced to an aggregate prison term of six years and two years of postrelease supervision.  Defendant now appeals.

As an initial matter, defendant failed to preserve his challenge to the legal sufficiency of the evidence given that his motion for a trial order of dismissal at the close of the People's proof was not "specifically directed at the error[s] being urged" on appeal (People v Hawkins, 11 NY3d 484, 492 [2008] [internal quotation marks and citation omitted]; see People v Greenfield, 112 AD3d 1226, 1226 [2013], lv denied 23 NY3d 1037 [2014]).  However, a weight of the evidence challenge, which bears no preservation requirement, also requires consideration of the adequacy of the evidence as to each element of the crimes (see People v McGough, 122 AD3d 1164, 1166 [2014]; People v Greenfield, 112 AD3d at 1226).  With respect to the charge of criminal possession of a controlled substance in the third degree, as relevant here, the People were required to establish that defendant knowingly and unlawfully possessed a narcotic drug with intent to sell it (see Penal Law § 220.16 [1]).  With respect to attempted criminal sale of a controlled substance in the third degree, as relevant here, the People were required to show that defendant intended to sell a narcotic drug and engaged in conduct that tended to effect the commission of such sale (see Penal Law §§ 110.00, 220.39 [1]).

Here, the CI testified that he had known defendant since May 2012 and that he had purchased heroin from him three to four times a week during the time leading up to the incident in question.  The CI further testified that, prior to the incident, he made a series of controlled calls to defendant about buying a package of 10 bags of heroin on an arranged date at a specified location in Albany.  On that date, the CI went to that location with several police officers and, when he saw defendant approaching, pointed him out to the officers and called him one last time on his cell phone, at which point defendant answered

his phone and was thereafter arrested.  Several police officers corroborated the CI's account and identified defendant as the individual who arrived to meet the CI that day.  One officer testified that, upon defendant's arrest, he recovered what appeared to be packets of heroin from defendant's pocket, and a forensic scientist testified that, pursuant to testing and in his expert opinion, the packets contained heroin.

Considering the foregoing testimony, we find that there was adequate evidence from which the jury could infer that defendant arrived at the location predetermined for the drug deal with the heroin previously identified for sale, which he intended to sell to the CI.  Thus, viewing the evidence in a neutral light and deferring to the jury's credibility determinations, defendant's convictions were not against the weight of the evidence (see People v Reed, 4 AD3d 120, 121 [2004], lv denied 2 NY3d 805 [2004]; People v Jiminez, 300 AD2d 77, 78 [2002], lv denied 1 NY3d 574 [2003]; see also People v Chatham, 55 AD3d 1045, 1046 [2008], lv denied 14 NY3d 839 [2010]).

Supreme Court properly denied defendant's motion to suppress the physical evidence because such evidence was recovered within the scope of a search incident to defendant's lawful arrest.  In the absence of a warrant, a lawful arrest is one that is supported by probable cause (see CPL 140.10 [1] [b]; People v Sudler, 75 AD3d 901, 902 [2010], lv denied 15 NY3d 956 [2010]).  "Probable cause . . . exists when an officer has knowledge of facts and circumstances sufficient to support a reasonable belief that an offense has been or is being committed" (People v Jenkins, 90 AD3d 1326, 1327 [2011] [internal quotation marks and citations omitted], lv denied 18 NY3d 958 [2012]; see People v Sudler, 75 AD3d at 902).  Here, the arresting officers observed the CI's phone calls setting up the drug deal with defendant and, on the day in question, saw an individual fitting defendant's description walking toward the designated location and answering his cell phone at the moment the CI called.  This evidence constituted probable cause to arrest defendant (see People v Nichol, 121 AD3d 1174, 1175 [2014]; People v Jenkins, 90 AD3d at 1327; People v Sudler, 75 AD3d at 902-903; People v Vanhoesen, 31 AD3d 805, 806 [2006]).  In executing the arrest, one officer secured defendant's left hand and, in so doing, took

possession of his cell phone.  Additionally, another officer's subsequent search of defendant's pocket recovered 10 envelopes of what appeared to be heroin.  Given that the two items were within defendant's immediate reach and were seized immediately upon his arrest, such evidence was recovered within the scope of a search incident to defendant's lawful arrest (see People v Vasquez, 112 AD3d 858, 859 [2013], lv denied 23 NY3d 1044 [2014]; People v Roberts, 80 AD3d 787, 789 [2011], lvs denied 16 NY3d 860, 862 [2011]; People v Perez, 252 AD2d 353, 353 [1998], lv denied 92 NY2d 984 [1998]).  Accordingly, Supreme Court properly denied defendant's motion to suppress the physical evidence.

Supreme Court properly granted defendant's request to proceed pro se at trial.  "A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (People v McIntyre, 36 NY2d 10, 17 [1974] [emphasis omitted]; accord Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385 [2011]; People v Dashnaw, 116 AD3d 1222, 1230 [2014], lv denied 23 NY3d 1019 [2014]).  As to the first element, defendant first voiced his desire to represent himself at a pretrial conference six days before trial, but told the court that he had been telling his attorney that he no longer wanted to be represented by him for the last three months.  When asked why, defendant conveyed that he did not trust any court-appointed attorney.  Defendant reconfirmed his unequivocal desire to represent himself just prior to jury selection.  Absent any evidence that defendant's request obstructed the proceedings or led to "delay [or] confusion," and considering defendant's expressed desire to be allowed to represent himself, we find that Supreme Court did not abuse its discretion in considering the merits of defendant's request (People v McIntyre, 36 NY2d at 17; see People v Dashnaw, 116 AD3d at 1231).

As to the second element, in order "[t]o ascertain whether a waiver [of the right to counsel] is knowing, voluntary and intelligent, a court must undertake a searching inquiry designed to insure that the defendant is aware of the dangers and disadvantages of proceeding without counsel" (People v Crampe, 17

NY3d 469, 481 [2011] [internal quotation marks, brackets and citations omitted], cert denied ___ US ___, 132 S Ct 1746 [2012]; see People v Guarnieri, 122 AD3d 1078, 1080 [2014]). Prior to granting defendant's request in this case, Supreme Court repeatedly "warn[ed] defendant of the risks inherent in proceeding pro se" and informed him that proceeding without counsel would greatly increase his chances of being convicted due to his lack of familiarity with the legal system (People v Crampe, 17 NY3d at 482; compare People v Guarnieri, 122 AD3d at 1080). The court also conducted a thorough inquiry as to "'defendant's age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver'" (People v Dashnaw, 116 AD3d at 1232, quoting People v Arroyo, 98 NY2d 101, 104 [2002]). We find that Supreme Court did not abuse its discretion in electing not to undertake a particularized assessment of defendant's mental capacity (see People v Stone, 22 NY3d 520, 528 [2014]). Defendant's assertions during the trial that he was framed in a scheme orchestrated by the police, while eccentric, were "not necessarily indicative of mental impairment" (id.). Relatedly, with regard to the final element, we do not find that defendant's conduct during the proceedings "prevent[ed] the fair and orderly exposition of the issues" (People v McIntyre, 36 NY2d at 17; see People v Stone, 22 NY3d at 528-529). Accordingly, Supreme Court properly granted defendant's request to proceed pro se with standby counsel (see People v Stone, 22 NY3d at 528-529; People v Dashnaw, 116 AD3d at 1232-1233; People v Yu-Jen Chang, 92 AD3d 1132, 1133-1134 [2012]).

Defendant's argument that Supreme Court should not have admitted the audio recordings of his phone conversations with the CI because they were inaudible is unpreserved, as defendant neither moved for an audibility hearing nor otherwise objected to admission of the recordings at trial (see People v Morris, 32 AD3d 561, 561-562 [2006], lvs denied 7 NY3d 869, 870 [2006]; People v Bailey, 12 AD3d 377, 377 [2004], lv denied 4 NY3d 741 [2004]). In any event, this contention is without merit given that such audibility problems do not preclude meaningful review, and the CI testified as to their contents during the trial (see People v Morris, 32 AD3d at 561-562; People v Lewis, 25 AD3d 824, 827 [2006], lv denied 7 NY3d 791 [2006]).

Finally, defendant's sentence, which is less than the maximum authorized (see Penal Law §§ 70.70 [2] [a] [I], [ii]; 110.00, 110.05, 220.16 [1]; 220.39 [1]), is neither harsh nor excessive given his criminal history, and we discern no evidence in the record that Supreme Court improperly penalized defendant for rejecting the plea deal and exercising his right to trial (see People v Merritt, 96 AD3d 1169, 1172 [2012], lv denied 19 NY3d 1027 [2012]).  Defendant's remaining arguments, including those set forth in his pro se brief, have been examined and found to be lacking in merit.

Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court