People v Murdie (2018 NY Slip Op 00491)





People v Murdie


2018 NY Slip Op 00491


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018

108406

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOHN MURDIE, Appellant.

Calendar Date: December 13, 2017

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Susan Patnode, Rural Law Center of New York, Castleton (Cynthia Feathers of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered April 11, 2016, which resentenced defendant following his conviction of the crime of criminal sale of a controlled substance in the third degree (two counts).
The underlying facts are more fully set forth in our prior decision in this matter (134 AD3d 1353 [2015]). Briefly, defendant pleaded guilty to an indictment charging him with criminal sale of a controlled substance in this third degree (two counts) with the understanding that he would enter a judicial diversion program and faced up to 24 years in prison if he did not complete it. Defendant was charged with violating the terms and conditions of the program, and then admitted that he had done so. Defendant did so with the understanding that he would be sentenced, as a second felony offender, to an aggregate prison
term of seven years to be followed by three years of postrelease supervision.
Upon appeal, defendant argued that his prior felony conviction in New Hampshire was not the equivalent of a felony in New York and that he should not have been adjudicated as a second felony offender. This Court found that defendant's argument on this point was unpreserved and affirmed the judgment of conviction (id. at 1354). Defendant then successfully moved to set aside his sentence pursuant to CPL 440.20. County Court resentenced him, as a felony drug offender, to an aggregate prison term of five years followed by two years of postrelease supervision, to be served under parole supervision pursuant to CPL 410.91 (see Penal Law § 70.70 [2] [d]). Defendant now appeals.
Defendant's claim that the resentence imposed is harsh and excessive is predicated in large measure upon the fact that the original sentence of seven years in prison was one year more than the minimum term allowed for a second felony drug offender in his position (see Penal Law §§ 70.70 [4] [b] [i]; 220.39 [1]). He reasons that he should have been resentenced to an aggregate prison term of two years, the minimum allowable term plus one year, and that any period of incarceration in excess of two years is harsh and excessive (see Penal Law § 70.70 [2] [a] [i]).
We disagree. After considering the pertinent factors, including defendant's positive program accomplishments while confined and his criminal history, we cannot say that County Court abused its discretion in resentencing defendant in the middle of the permissible sentencing range or that defendant has presented any extraordinary circumstances that would warrant a reduction of the sentence in the interest of justice (see People v Smith, 135 AD3d 1248, 1248-1249 [2016]; People v Cruz, 131 AD3d 724, 728 [2015], lv denied 26 NY3d 1087 [2015]). Accordingly, the judgment of conviction is affirmed.
Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.