People v Fuqua (2020 NY Slip Op 03306)





People v Fuqua


2020 NY Slip Op 03306


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


256 KA 18-01349

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WENDELL FUQUA, DEFENDANT-APPELLANT. 






NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW, FOR DEFENDANT-APPELLANT.
WENDELL FUQUA, DEFENDANT-APPELLANT PRO SE.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered May 31, 2018. The judgment convicted defendant upon a jury verdict of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]). Defendant contends in his main brief that meaningful appellate review is precluded inasmuch as no audibility hearing was conducted with respect to audio and video recordings that were received in evidence at trial, the jury was not provided with transcripts of those recordings that may be reviewed on appeal, and the court reporter did not transcribe those recordings when they were played for the jury. That contention is unpreserved for our review (see People v Morris, 32 AD3d 561, 561-562 [3d Dept 2006], lv denied 7 NY3d 869 [2006]; People v Hickey, 284 AD2d 929, 930 [4th Dept 2001], lv denied 97 NY2d 656 [2001]; see also People v Votra, 173 AD3d 1643, 1644 [4th Dept 2019]). Here, defendant did not object to the audibility of the recordings or request an audibility hearing, nor did he request that the jury be provided with transcripts of the recordings or that the stenographer transcribe them when they were played at trial. We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We conclude that defendant's claim of actual innocence in his pro se supplemental brief is not properly before us on defendant's direct appeal. "A claim of actual innocence must be based upon reliable evidence which was not presented at the [time of trial] . . . , and thus must be raised by a motion pursuant to CPL article 440" (People v Alsaifullah, 162 AD3d 1483, 1486 [4th Dept 2018], lv denied 32 NY3d 1062 [2018] [internal quotation marks omitted]; see People v Hamilton, 115 AD3d 12, 23 [2d Dept 2014]).
Defendant also contends in his pro se supplemental brief that his arrest was not supported by probable cause and that County Court therefore erred in refusing to suppress the physical evidence seized incident to his arrest. We reject that contention. " Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief tha[t] an offense has been committed by the person arrested' " (People v Scott, 174 AD3d 1049, 1050 [3d Dept 2019]). Here, we conclude that probable cause was established by the independent observations of the police officer working with the confidential informant, which that officer relayed to the arresting officers (see [*2]People v Shulman, 6 NY3d 1, 25-26 [2005], cert denied 547 US 1043 [2006]; People v Farrow, 98 NY2d 629, 631 [2002]; People v Folk, 44 AD3d 1095, 1096-1097 [3d Dept 2007], lv denied 9 NY3d 1006 [2007]).
We reject defendant's further contention in his pro se supplemental brief that his conviction is not supported by legally sufficient evidence. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction with respect to each count (see People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant also challenges the weight of the evidence in his pro se supplemental brief. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant further contends in his pro se supplemental brief that he was denied effective assistance of counsel based upon several acts or omissions on the part of defense counsel. Defendant's allegation that defense counsel failed to object to prosecutorial misconduct is without merit, inasmuch as the prosecutor did not engage in prosecutorial misconduct (see People v Graham, 174 AD3d 1486, 1489 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]). To the extent that we are able to review defendant's remaining allegations of ineffective assistance on the record before us, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). To the extent that defendant's contention is based upon matters outside the record on appeal, his contention must be raised by way of a motion pursuant to CPL 440.10 (see People v Wilcher, 158 AD3d 1267, 1268-1269 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]).
We have reviewed the remaining contentions raised in defendant's pro se supplemental brief and conclude that none warrants reversal or modification of the judgment.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court