People v Harlow (2021 NY Slip Op 03933)





People v Harlow


2021 NY Slip Op 03933


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


32 KA 18-01625

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARRELL HARLOW, DEFENDANT-APPELLANT. 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered June 4, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree and reckless endangerment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and reckless endangerment in the second degree (§ 120.20), arising from an incident in which a gun was fired from a moving vehicle. We affirm.
Defendant contends that the search warrant for his vehicle was not supported by probable cause connecting defendant to the shooting and that, therefore, Supreme Court erred in refusing to suppress the evidence seized as a result of that search. We reject that contention. "[A] search warrant may be issued only upon a showing of probable cause to believe that a crime has occurred, is occurring, or is about to occur" (People v Moxley, 137 AD3d 1655, 1656 [4th Dept 2016]; see generally People v Mercado, 68 NY2d 874, 875-876 [1986], cert denied 479 US 1095 [1987]). "[P]robable cause may be supplied, in whole or in part, [by] hearsay information, provided [that] it satisfies the two-part Aguilar-Spinelli test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted" (People v Flowers, 59 AD3d 1141, 1142 [4th Dept 2009] [internal quotation marks omitted]).
Here, the search warrant application relied on information provided by several anonymous informants. Defendant challenges the anonymous informants' hearsay information only on the ground that the anonymous informants' reliability or the basis of their knowledge was not adequately established. We conclude, however, that the anonymous informants' reliability and the basis for their knowledge was established by corroborating evidence they provided regarding details of the incident and by the description they provided of the vehicle and the individual seen fleeing the scene (see generally People v Myhand, 120 AD3d 970, 973-976 [4th Dept 2014], lv denied 25 NY3d 952 [2015]; People v Monroe, 82 AD3d 1674, 1675 [4th Dept 2011], lv denied 17 NY3d 808 [2011]; Flowers, 59 AD3d at 1142-1143) and that the search warrant was supported by probable cause.
We also reject defendant's contention that the police lacked probable cause to seize his vehicle and the sweatshirt he was wearing when he arrived at the police station. Specifically, we conclude that the court properly determined that the police had probable cause to arrest defendant once they corroborated the accounts of the incident provided by the anonymous informants, which indicated that defendant was involved in the shooting (see generally People v DiFalco, 80 NY2d 693, 696-697 [1993]; People v Griswold, 155 AD3d 1658, 1659 [4th Dept 2017], lv [*2]denied 31 NY3d 984 [2018]; People v McLean, 72 AD2d 588, 588 [2d Dept 1979]). Because the police had probable cause to arrest defendant, we further conclude that the court properly refused to suppress the vehicle and sweatshirt seized incident to the lawful arrest (see People v Fuqua, 184 AD3d 1093, 1094 [4th Dept 2020], lv denied 35 NY3d 1065 [2020]; People v Lewis, 89 AD3d 1485, 1485 [4th Dept 2011]; People v Beach, 187 AD2d 943, 944 [4th Dept 1992]).
We agree with defendant that, at trial, the court improperly allowed a police officer to identify him in a surveillance video. "A lay witness may give an opinion concerning the identity of a person depicted in a surveillance [video] if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the [video] than is the jury" (People v Graham, 174 AD3d 1486, 1487-1488 [4th Dept 2019], lv denied 34 NY3d 1016 [2019] [internal quotation marks omitted]; see People v Russell, 165 AD2d 327, 333 [2d Dept 1991], affd 79 NY2d 1024 [1992]). Here, "there was no basis for concluding that the [officer] was more likely than the jury to correctly determine whether . . . defendant was depicted in the video" (People v Reddick, 164 AD3d 526, 527 [2d Dept 2018], lv denied 32 NY3d 1114 [2018]; see People v Oquendo, 152 AD3d 1220, 1221 [4th Dept 2017], lv denied 30 NY3d 982 [2017]). The officer was not familiar with defendant, and there was no evidence showing that defendant had changed his appearance before trial (see Reddick, 164 AD3d at 527; cf. People v Sanchez, 21 NY3d 216, 225 [2013]; People v Jones, 161 AD3d 1103, 1103 [2d Dept 2018], lv denied 32 NY3d 938 [2018]).
We also agree with defendant that the court erred in permitting the People to elicit testimony from police officers regarding what they learned from others about defendant's involvement in the shooting. The challenged testimony was hearsay that was not admissible under any cognizable exception to the hearsay rule. The People essentially argue that this testimony was admissible under People v Molineux (168 NY 264 [1901]) to complete the narrative with background information. We reject that argument and reiterate that "there is no Molineux exception to the rule against hearsay" (People v Meadow, 140 AD3d 1596, 1599 [4th Dept 2016], lv denied 28 NY3d 933 [2016], reconsideration denied 28 NY3d 972 [2016]). There is also no general exception to the hearsay rule for testimony relating to background conduct, information, or explanation of a subject matter or event (see id. at 1600; see generally Guide to NY Evid rule 8.01, Admissibility of Hearsay).
Nevertheless, we conclude that any error in admitting the challenged testimony was harmless in light of the otherwise overwhelming evidence of defendant's guilt and because there was no significant probability that the error in admitting the testimony contributed to the conviction (see Reddick, 164 AD3d at 527; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Contrary to defendant's further contention, we conclude that the People established a sufficient foundation for the admission in evidence of recordings of telephone calls made by defendant while he was incarcerated (see generally People v Ely, 68 NY2d 520, 527-528 [1986]; People v Sostre, 172 AD3d 1623, 1625 [3d Dept 2019], lv denied 34 NY3d 938 [2019]; People v Bell, 5 AD3d 858, 861 [3d Dept 2004]; People v Rendon, 273 AD2d 616, 618 [3d Dept 2000], lv denied 95 NY2d 968 [2000]). The content of the recordings established defendant's identity as the caller, and the testimony of the individual in charge of maintaining the jail's recording system established that the recordings were "complete and accurate reproduction[s] of the conversation[s] and [that they had] not been altered" (Ely, 68 NY2d at 527).
To the extent defendant contends that the evidence adduced by the People at trial created the possibility that he was convicted of the crime of criminal possession of a weapon in the second degree on a theory different from that charged in the indictment or that the evidence created an issue of nonfacial duplicity, those contentions are not preserved for our review (see People v Hursh, 191 AD3d 1453, 1454 [4th Dept 2021]; People v Lynch, 191 AD3d 1476, 1477 [4th Dept 2021]; see generally People v Allen, 24 NY3d 441, 449-450 [2014]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We further conclude that, viewing the evidence in light of the elements of that crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). On the record before us, the testimony adduced at trial, and any inconsistencies presented therein, merely "presented issues of credibility for the factfinder to [*3]resolve" (People v Williams, 179 AD3d 1502, 1503 [4th Dept 2020], lv denied 35 NY3d 995 [2020]; see People v Withrow, 170 AD3d 1578, 1579 [4th Dept 2019], lv denied 34 NY3d 940 [2019], reconsideration denied 34 NY3d 1020 [2019]), and we see no reason to disturb the jury's credibility determinations here.
We reject defendant's contention that he was denied effective assistance of counsel. Defendant failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's alleged shortcomings (see People v Benevento, 91 NY2d 708, 712 [1998]). "[T]rial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness" (People v Baldi, 54 NY2d 137, 146 [1981]). Moreover, notwithstanding defense counsel's failure to lodge certain objections, our review of the record discloses that defense counsel appropriately sought to preclude evidence before trial, made compelling opening and closing statements, and effectively cross-examined the People's witnesses. Thus, viewing the evidence, the law, and the circumstances of the case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see People v Tetro, 175 AD3d 1784, 1786 [4th Dept 2019]; People v Withrow, 170 AD3d 1578, 1579 [4th Dept 2019], lv denied 34 NY3d 940 [2019], reconsideration denied 34 NY3d 1020 [2019]; see generally Baldi, 54 NY2d at 147).
Defendant also contends that the court improperly imposed an increased sentence based on the prosecutor's statements at sentencing regarding defendant's lack of remorse, his refusal to participate in an interview with the Department of Probation, and his absence from court when the verdict was read. Defendant argues that those statements violated his right to remain silent. We reject that contention because a sentencing court must consider all circumstances related to the crime and the defendant when imposing a sentence following conviction (see People v Lipford, 129 AD3d 1528, 1531 [4th Dept 2015], lv denied 26 NY3d 1041 [2015]; People v Cox, 78 AD3d 1571, 1572 [4th Dept 2010], lv denied 16 NY3d 742 [2011]). We note that the court is permitted to rely on the type of information that defendant now objects to when considering the sentence to impose (see e.g. People v Jeffords, 185 AD3d 1417, 1418 [4th Dept 2020], lv denied 35 NY3d 1095 [2020]; People v Tromans, 177 AD3d 1103, 1107 [3d Dept 2019]; People v Eberling, 256 AD2d 1217, 1218 [4th Dept 1998], lv denied 93 NY2d 852 [1999]), and the record contains no indication that the court relied on improper information in rendering the sentence.
Finally, we perceive no basis in the record to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court