People v Heath (2023 NY Slip Op 04059)

People v Heath

2023 NY Slip Op 04059

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

531 KA 21-01510

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN J. HEATH, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLISON V. MCMAHON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (JEFFERY R. FRIESEN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered October 12, 2021. The judgment convicted defendant, upon a plea of guilty, of driving while intoxicated (two counts), and aggravated unlicensed operation of a motor vehicle in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of incarceration to three concurrent indeterminate terms of imprisonment of 1 to 3 years and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for proceedings pursuant to CPL 460.50 (5).
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of driving while intoxicated (DWI) as a class E felony (Vehicle and Traffic Law §§ 1192 [2], [3]; 1193 [1] [c] [i] [A]) and one count of aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). Defendant contends that County Court erred in refusing to suppress evidence obtained from him during an encounter with the police. We reject that contention.
According to the evidence presented at the suppression hearing, while on road patrol, an officer received a radio transmission from dispatch describing a "sick or intoxicated driver," based on information provided by a 911 caller who reported having observed an individual in a vehicle located in the drive-through lane of a fast food restaurant pour an alcoholic beverage into a mug or cup. The officer testified that possessing an open alcoholic beverage in a vehicle constituted a violation of the Vehicle and Traffic Law. The dispatch also provided the make, model, and license plate number of the suspect vehicle, and its location. The officer further testified that the "rest of the information" appeared on his computer-aided dispatch (CAD) system on the laptop in his patrol vehicle. The officer acknowledged, however, that the dispatch did not include any information regarding erratic or problematic driving, equipment issues with the vehicle, the name of the driver, or the status of the driver's license. The officer also did not ask dispatch for the name of the 911 caller.
As the officer responded to the reported location, the 911 caller reported that the suspect vehicle had left the fast food restaurant and was traveling south on a particular public highway. The officer was headed north on that road when he observed the suspect vehicle moving southbound, at which time the officer proceeded to pull off to the side of the road in order to turn around and begin to follow the vehicle. Although the officer's testimony is susceptible to more than one reasonable interpretation regarding whether the suspect vehicle voluntarily pulled over by the time the officer was pulling over to the side of the road to conduct a U-turn and activating his emergency lights and sirens, there is no dispute that the officer ultimately pulled behind the [*2]suspect vehicle and then approached the vehicle. Defendant, who was operating the suspect vehicle and whose breath smelled of alcohol, admitted that he consumed a couple of beers before driving to the fast food restaurant, refused to complete all of the field sobriety tests requested by the officer, and was then arrested.
The parties stipulated to the admission in evidence of the recordings of the 911 call and radio transmissions, as well as the event summary log of the incident, which indicated that the 911 caller had identified himself by name, address, and phone number. The dispatcher, who was called by defendant as a witness at the suppression hearing, confirmed that any information contained in the CAD report is also contained in the event summary log.
Here, even assuming, arguendo, that the officer did, in fact, initiate and conduct a traffic stop of a moving vehicle operated by defendant (cf. e.g. People v Ocasio, 85 NY2d 982, 984-985 [1995]; People v Harrison, 57 NY2d 470, 475 [1982]; People v Morris, 37 AD3d 1088, 1089 [4th Dept 2007], lv denied 8 NY3d 988 [2007]), we conclude that, contrary to defendant's contention, the seizure was lawful inasmuch as the officer had probable cause to believe that defendant had committed a traffic infraction. "[I]nterference with a moving vehicle is a seizure" (Ocasio, 85 NY2d at 984). As relevant here, such "[a]utomobile stops are lawful only when 'based on probable cause that a driver has committed a traffic violation' . . . [or] when based on a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (People v Hinshaw, 35 NY3d 427, 430 [2020]). With respect to the former, "[p]robable cause . . . 'does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place' " (People v Guthrie, 25 NY3d 130, 133 [2015], rearg denied 25 NY3d 1191 [2015]). "Thus, '[a] police officer who can articulate credible facts establishing reasonable cause to believe that someone has violated a law has established a reasonable basis to effectuate a [traffic] stop' " (id., quoting People v Robinson, 97 NY2d 341, 353-354 [2001]). "[P]robable cause may be supplied, in whole or in part, [by] hearsay information, provided [that] it satisfies the two-part Aguilar-Spinelli test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted" (People v Flowers, 59 AD3d 1141, 1142 [4th Dept 2009] [internal quotation marks omitted]; see People v Harlow, 195 AD3d 1505, 1506 [4th Dept 2021], lv denied 37 NY3d 1027 [2021]).
Initially, defendant's contention that the 911 caller was anonymous and unidentified is raised for the first time on appeal and therefore is not preserved for our review (see CPL 470.05 [2]; cf. People v Williams, 136 AD3d 1280, 1282 [4th Dept 2016], lv denied 27 NY3d 1141 [2016], lv denied 29 NY3d 954 [2017]). We decline to exercise our power to review defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]), particularly given that defendant expressly argued throughout the proceedings below that the 911 caller was an identified civilian informant.
On the merits, we conclude that the information from the identified 911 caller, who is presumed to be reliable (see People v Parris, 83 NY2d 342, 350 [1994]) and whose basis of knowledge was his personal observations (see People v Hetrick, 80 NY2d 344, 348 [1992]), provided the officer with the requisite probable cause that defendant committed a traffic infraction by violating Vehicle and Traffic Law § 1227 (1), which prohibits the possession of an open container containing an alcoholic beverage in a motor vehicle located upon a public highway. The 911 caller provided detailed information regarding his observations, i.e., that an individual in a particular vehicle located in the drive-through lane of a fast food restaurant had poured an alcoholic beverage in the form of beer into an open mug or cup. The 911 caller was also able to describe the make, model, and license plate number of the suspect vehicle, and provide its location and direction of travel. Immediately thereafter, the officer observed the vehicle matching the description provided by the 911 caller traveling, as reported, upon the public highway. In our view, that information provided the officer with " 'credible facts establishing reasonable cause to believe that [defendant] ha[d] violated a law,' " thereby " 'establish[ing] a reasonable basis to effectuate a [traffic] stop' " (Guthrie, 25 NY3d at 133). Finally on this point, while defendant further contends that the 911 caller, even as an identified citizen informant, could not, as a matter of law, provide the officer with probable cause to stop the vehicle for a traffic infraction, we conclude that defendant's contention lacks merit (see People v King, 137 AD3d 1424, 1424-1425 [3d Dept 2016], lv denied 27 NY3d 1070 [2016]).
We agree with defendant, however, that the sentence of incarceration is unduly harsh and severe under the circumstances of this case, and we therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentence of incarceration to three concurrent indeterminate terms of imprisonment of 1 to 3 years (see generally CPL 470.15 [6] [b]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court