People v Atutis (2023 NY Slip Op 06409)

People v Atutis

2023 NY Slip Op 06409

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

112877
[*1]The People of the State of New York, Respondent,
v
Adrian M. Atutis, Appellant.

Calendar Date:November 13, 2023

Before:Lynch, J.P., Clark, Ceresia, Fisher and Mackey, JJ.

Michael T. Baker, Public Defender, Binghamton (Patrick H. Cutty of counsel), for appellant.
Michael A. Korchak, District Attorney, Binghamton (Geoffrey B. Rossi of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Broome County (William C. Pelella, J.), rendered February 26, 2021, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.
In satisfaction of a three-count indictment, defendant pleaded guilty to driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree. Sentencing was adjourned to afford defendant an opportunity to participate in a drug treatment court program. Defendant's participation in that program was subsequently terminated for, among other reasons, his failure to comply with numerous program conditions. Prior to sentencing, defendant, in addition to filing various pro se motions which included a motion to withdraw his plea, made an application to proceed pro se. Following a colloquy with defendant, County Court relieved defense counsel and granted defendant's application to represent himself.[FN1] The court thereafter denied defendant's motions and imposed, among other things, a prison term of 2 to 6 years for the conviction of driving while intoxicated and a lesser concurrent prison term on the remaining conviction. Defendant appeals.
We are unpersuaded by defendant's assertion that County Court erred in granting his application to represent himself. "A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (People v McIntyre, 36 NY2d 10, 17 [1974]; accord People v Silburn, 31 NY3d 144, 150 [2018]). In order to be considered unequivocal, the defendant's request "must be clearly and unconditionally presented to the trial court" and "reflect a purposeful decision to relinquish the benefit of counsel and proceed singularly" (People v Silburn, 31 NY3d at 150-151 [internal quotation marks and citations omitted]).
Contrary to defendant's contention, the record establishes that his request to proceed pro se was unequivocal. Although at the time defendant requested to represent himself he also expressed dissatisfaction with and sought discharge of his current counsel, this did not, under the circumstances here, render defendant's request to represent himself equivocal (see People v LaValle, 3 NY3d 88, 107 [2004]; People v Lewis, 114 AD3d 402, 404 [1st Dept 2014]). Rather, in response to defendant's request to proceed pro se, County Court questioned defendant as to whether he was seeking to obtain different counsel or proceed pro se, explaining that, just because current counsel would be relieved, it did not mean that defendant could not retain or be assigned new counsel. Even after counsel was relieved, defendant repeatedly reassured the court that he wished to represent himself. The court reserved [*2]decision and provided defendant more time to consider his request. At the next court appearance, the court again advised defendant of his right to counsel, whereupon defendant twice reiterated and reassured the court of his continued desire to proceed pro se. In the absence of any evidence that defendant's request obstructed or delayed the proceeding, County Court properly found that defendant repeatedly and steadfastly expressed his desire to proceed pro se, thereby warranting further inquiry into whether defendant's waiver of counsel was knowing and voluntary (see People v Cruz, 131 AD3d 724, 727 [3d Dept 2015], lv denied 26 NY3d 1087 [2015]; People v Lindsey, 75 AD3d 906, 907 [3d Dept 2010], lv denied 15 NY3d 922 [2010]; cf. People v Duarte, 37 NY3d 1218, 1219 [2022], cert denied ___ US ___, 143 S Ct 136 [2022]).
To that end, County Court was required to "conduct a searching inquiry to ensure that the defendant's waiver of the right to counsel [was] knowing, intelligent, and voluntary" (People v Silburn, 31 NY3d at 150 [internal quotation marks, brackets and citation omitted]; see People v Crampe, 17 NY3d 469, 472-473 [2011], cert denied 565 US 1261 [2012]; People v Grays, 162 AD3d 1224, 1226 [3d Dept 2018], lv denied 32 NY3d 1111 [2018]). Although there is no rigid formula to conduct such inquiry, "the court's discussion of the issue with the defendant must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding pro se, and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication" (People v Baines, 39 NY3d 1, 7 [2022] [internal quotation marks and citations omitted]). In other words, "the court must test [the defendant's] understanding of the waiver and be reasonably certain that he or she appreciates the dangers and disadvantages of giving up the fundamental right to counsel" (People v Gilmore, 200 AD3d 1184, 1192 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], lv denied 38 NY3d 927 [2022]).
In satisfying this second prong, County Court conducted a thorough inquiry into "defendant's age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver" (People v Arroyo, 98 NY2d 101, 104 [2002] [internal quotation marks and citations omitted]; see People v Crampe, 17 NY3d at 482; People v Cruz, 131 AD3d at 727). The court advised defendant of his right to counsel and repeatedly warned him of the significant risks and consequences of representing himself without any training and experience in the law, explaining that it could place him at a disadvantage with regard to making appropriate and effective legal arguments, including at a potential trial were his motion to withdraw his plea be granted — all of which defendant repeatedly confirmed he understood.
County Court also inquired into defendant's mental health history, eliciting from the then 30-year-old defendant [*3]that, other than receiving 30 days of treatment for mental illness prior to turning 18 years old, he has not received any other treatment for mental health, last submitted to a mental health evaluation in 2016 or 2017 and was not on any mental health medication. The court further inquired into information in the presentence investigation report regarding certain statements made by defendant during prior intoxication arrests. Although defendant confirmed his statement that he played soccer when he was 10 years old with a known terrorist in Arizona, we are unpersuaded by defendant's contention that this dubious assertion, as well as inartful language in his motions, should have triggered further inquiry by the court into defendant's mental health or prompted the court to order a mental health evaluation (see People v Stone, 22 NY3d 520, 528 [2014]; People v Cruz, 131 AD3d at 727). Under these circumstances, County Court properly found that defendant's request was competent, knowing and voluntary, and we find no basis to disturb the court's decision to permit defendant to proceed pro se (see People v Gilmore, 200 AD3d at 1192-1193; People v Gray, 162 AD3d at 1226-1227; People v Jackson, 160 AD3d 1125, 1127 [3d Dept 2018], lv denied 31 NY3d 1149 [2018]; People v Franklin, 146 AD3d 1082, 1084-1085 [3d Dept 2017], lv denied 29 NY3d 946 [2017]).
Lynch, J.P., Clark, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The sentencing minutes reflect that defendant was also provided with standby counsel.